## Case No. 13,823.

### The TELLUMAH.

[3 Adm. Rec. 293.]

Superior Court, S. D. Florida.   Jan. Term, 1846.

SALVAGE — SERVICE — AMOUNT OF COMPENSATION.

[For saving the cargo of crockery and hardware and materials of a ship lost upon the Florida reef, by 150 or 200 salvors, by great labor and exposure, the court awarded $11,931 as salvage, the cargo, etc., being appraised at $35,821, with duties thereon of $8,980.]

[Cited in Baker v. The Slobodna, 35 Fed. 542.]

[This was a libel in rem by Joseph Stickney and others against the materials and cargo of the ship Tellumah for salvage.]

S. R. Mallory, for libellants.
W. R. Hackley, for respondent.

MARVIN, District Judge. The American ship Tellumah, Borland, master, bound from Liverpool to Havana, laden with a cargo of crockery, iron, hardware, etc., on the 18th day of November last struck on the Florida Reef, where she bilged, filled with water, and was totally lost, with a considerable part of her cargo. The libellants, Stickney and his associates, some one hundred and fifty or two hundred in all, by great labor and exposure succeeded in saving a considerable portion of the cargo and the materials of the ship. The materials and all the cargo saved, excepting a lot of gas works, six sugar rollers, and a box of thread, have been sold under the previous order of the court, and the articles excepted from sale have been appraised. The proceeds of the sales and the appraisement together amount to $35,821.39, and the duties thereon amount to $8,980.08, leaving as a net amount upon which salvage may be decreed $26,841.31.

Under the circumstances of the case, I shall allow as the full salvage upon the entire cargo and materials saved, the sum of $11,931.66, which is to be distributed among the salvors according to the decree.

It is therefore ordered, adjudged, and decreed that the sum of $11,931.66 be allowed to the salvors of the cargo and materials of the ship Tellumah for their services in saving the same, and that it be distributed among them, and paid to the masters of the respective vessels, for themselves, owners, and crews. And application having been made by O. O'Hara, on behalf of the consignees, for the restoration of certain gas pipes and other gas works, and he having presented a bill of lading regularly indorsed therefor, and consenting to pay the salvage and other charges thereon, and the articles having been appraised at the sum of $2,003.66, including the duties, and the duties appearing to be $312.14, it is ordered that the said articles be delivered to the said O'Hara upon his paying to the marshal the sum of $1,350, which sum includes the salvage duties and certain expenses thereon, and is supposed to be sufficient to include any other charges and expenses said articles may be justly liable for on making up a final average account. In like manner, Mr. F. A. Browne having presented bills of lading regularly indorsed for six sugar rollers, appraised at $225.90, including the duties, and the duties being $90.48, it is ordered that the same be delivered to him upon the payment of $155, which sum includes salvage, duties, and charges as above. In like manner, a bill of lading having been duly presented by Mr. F. A. Browne for one box spool thread, appraised at $240, including $87 duties, it is ordered that the same be delivered to him upon the payment of $157, which sum includes salvage, duties, and charges, as above specified.

It is further ordered and decreed that, after paying the salvage decreed as aforesaid, the clerk tax and pay the bills for wharfage, storage, and labor, and the costs and expenses of this suit, out of the residue of the proceeds of said cargo and materials, and that he pay the remainder of said proceeds to the master of said ship, for and on account of whom it may concern, and that all other questions be reserved.

---

TELOS, The (REED v.).   See Case No. 11,653.

---

## Case No. 13,824.

### The TEMPEST.

[Cited in The Angelina Corning, Case No. 384. Nowhere reported; opinion not now accessible.]